# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTARES PHARMA, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 24-634-GBW |
| GORDON SILVER LIMITED and VERITY PHARMACEUTICALS INC., | |
| Defendants. | |

John A. Sensing, Bindu A. Palapura, Nicole K. Pedi, Malisa C. Dang, POTTER ANDERSON & CORROON LLP, Wilmington, DE.

  *Counsel for Plaintiff*

Richard L. Renck, Brandon Harper, DUANE MORRIS LLP, Wilmington, DE.

  *Counsel for Defendants*

## MEMORANDUM OPINION

October 28, 2025
Wilmington, Delaware

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

This action involves the allegedly improper sale of oral testosterone products for testosterone replacement therapy in adult males. Now pending before the Court is Defendant Gordon Silver Limited ("Gordon") and Defendant Verity Pharmaceuticals Inc.'s ("Verity") (together, "Defendants") Partial Motion to Dismiss ("Motion") (D.I. 32), which has been fully briefed (D.I. 33; D.I. 46; D.I. 47). For the following reasons, the Court grants the Motion.

## I. BACKGROUND

The following are allegations from the Complaint (D.I. 4) that are taken as true and construed in the light most favorable to Plaintiff Antares Pharma, Inc. ("Plaintiff" or "Antares") for the purpose of resolving Defendants' Motion.

"Antares is a specialty pharmaceutical company" and "owns exclusive rights in the registered United States trademark for the name 'ANTARES PHARMA.'" D.I. 4 ¶¶ 16, 17. This trademark is "found on labels that Antares provided for" TLANDO. D.I. 4 ¶ 18. "TLANDO is an oral testosterone product for testosterone replacement therapy in adult males." D.I. 4 ¶ 19.

Antares and Lipocine, Inc. ("Lipocine") entered an agreement called the Transition Services Agreement ("TSA"). D.I. 4 ¶ 22. Lipocine "assigned the TSA to [Gordon], an affiliate of [Verity]." D.I. 4 ¶ 23 (quotations omitted). The TSA, thus, "granted Defendants a limited license to purchase inventory of TLANDO, including finished products that contain Antares' trademarks, tradenames, logos, trade dress and NDC number ('Purchased Finished Product'), and to use and sell such Purchased Finished Product before the expiration of the Sell-off Period defined in the TSA." D.I. 4 ¶ 28. "Upon executing the TSA, Defendants ordered" various Purchased

2

Finished Products. D.I. 4 ¶ 35. After expiration of the Sell-off period, Defendants sold various Purchased Finished Products. D.I. 4 ¶ 50.

## II.    PROCEDURAL HISTORY

On May 28, 2024, Plaintiff filed its Complaint in this Court. D.I. 4 ¶¶ 60-77. Therein, Plaintiff alleges that Gordon's sale of the Purchased Finished Products after the Sell-off Period constitutes trademark infringement. D.I. 4 ¶¶ 60-70. Plaintiff also alleges that Verity's facilitation of these sales constitutes contributory trademark infringement. D.I. 4 ¶¶ 70-77. Plaintiff also alleges various contract claims. D.I. 4 ¶¶ 78-111.

On June 25, 2024, Defendants filed their Motion, seeking dismissal of the trademark claims. D.I. 32. In particular, Defendants contend that Plaintiff fails to state its claims for trademark infringement and contributory trademark infringement because the first sale doctrine precludes Plaintiff's claims as a matter of law. D.I. 33. Plaintiff disagrees with Defendants' application of the first sale doctrine. D.I. 46.

## III.    LEGAL STANDARDS

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "'disregard legal conclusions and recitals of

the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

In evaluating a motion to dismiss, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)), *aff'd*, 2018 U.S. App. LEXIS 38873 (3d Cir. Apr. 6, 2018). Rule 12(b)(6) requires the Court to "accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff." *Brady v. Media*, No. 23-cv-1078-GBW, 2024 U.S. Dist. LEXIS 160991, at *4 (D. Del. Sep. 6, 2024). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420). The "movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 23-cv-239-KAJ, 2024 U.S. Dist. LEXIS 96985, at *4 (D. Del. May 31, 2024).

## IV. DISCUSSION

As described above, Defendants contend that Plaintiff fails to state its claims for trademark infringement and contributory trademark infringement because the first sale doctrine precludes Plaintiff's claims as a matter of law. Defendants are correct.

"The law of trademark protects trademark owners in the exclusive use of their marks when use by another would be likely to cause confusion." *Maya Swimwear, Corp. v. Maya Swimwear, LLC*, 789 F. Supp. 2d 506, 513 (D. Del. 2011) (citations omitted). "A plaintiff proves trademark infringement by demonstrating that: (1) the mark is valid and legally protectable; (2) plaintiff owns

the mark; and (3) the defendant's use of its mark to identify goods or services is likely to create confusion concerning the origin of the goods or services." *Id.*

The "affirmative defense of the first sale doctrine . . . prevents a finding of liability when 'a purchaser does no more than stock, display and resell a producer's product under the producer's trademark.'" *Id.* at 514 (quoting *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1073 (10th Cir. 2009)); *see Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 301 (3d Cir. 1998) (explaining that, under the first sale doctrine, "a trademark owner's authorized initial sale of its product into the stream of commerce extinguishes the trademark owner's rights to maintain control over who buys, sells, and uses the product in its authorized form"). "Nevertheless, 'the first sale doctrine does not protect resellers who use other entities' trademarks to give the impression that they are favored or authorized dealers for a product when in fact they are not.'" *Maya Swimwear*, 789 F. Supp. 2d at 514 (quoting *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1241 (10th Cir. 2006)). "Additionally, the first sale doctrine does not apply when notice that the item has been repackaged is inadequate, or when an alleged infringer sells trademarked goods that are materially different than those sold [by] the trademark owner." *Id.* (citations and quotations omitted).

Here, "the affirmative defense of the first sale doctrine" precludes liability since Gordon, a "purchaser," has done "no more than stock, display and resell [Plaintiff's TLANDO products] under [Plaintiff's] trademark." *See id.*; *see also* D.I. 4 ¶ 50 (alleging resale). Plaintiff has not alleged, for example, any facts that even remotely suggest that Gordon somehow used Plaintiff's trademark "to give the impression that [Gordon was] favored or [was an] authorized dealer[] for [the Purchased Finished Products] when in fact [he was] not." *See Maya Swimwear*, 789 F. Supp. 2d at 514. Nor has Plaintiff alleged that the Purchased Finished Products have "been repackaged"

5

or that Defendants sold "trademarked goods that are materially different than those sold [by] the trademark owner." *See id.*

Plaintiff contends that the first sale doctrine "does not apply as a means for licensees to circumvent a licensing agreement by essentially granting themselves a *de facto* extension of that license." D.I. 46. However, that Defendants purportedly violated the terms of the TSA by unilaterally extending the license invites not a claim for trademark infringement, but a claim for breach of contract. Moreover, the chief case upon which Plaintiff relies to support its argument, *Bill Blass, Ltd. v. SAZ Corp.* (D.I. 46 at 9), is inapposite since that decision, as Defendants correctly observe, involved licenses that "were granted by the trademark owner for the purpose of permitting the licensees to manufacture products bearing the trademark owner's trademarked name that could then be sold by the licensees for a period of time, not a license to buy goods directly from the trademark owner and then resell them" (*see* D.I. 47 at 2-3) (*see* 751 F.2d 152, 153-55 (3d Cir. 1984)). Other cases upon which Plaintiff relies, such as *ITT Industries, Inc. v. Wastecorp. Inc.* (D.I. 46 at 7), do not involve the first sale doctrine (*see* 87 Fed. Appx. 287, 293 (3d Cir. 2004)) and, thus, are not illustrative.

For the above reasons, Plaintiff's claim of trademark infringement against Gordon fails as a matter of law. Since Plaintiff's claim of trademark infringement against Gordon fails as a matter of law, Plaintiff's claim of contributory trademark infringement against Verity also fails as a matter of law. *See Spy Phone Labs LLC v. Google, Inc.*, Civil Action No. 14-6565, 2015 U.S. Dist. LEXIS 106365, at *10 (D.N.J. Aug. 13, 2015) (confirming that contributory trademark infringement requires "direct" trademark infringement (citing *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1432 (3d Cir. 1994))).

## V.   CONCLUSION

For all of the foregoing reasons, the Court grants Defendant's Partial Motion to Dismiss (D.I. 32). Plaintiff's claims for trademark infringement (Count I) and contributory trademark infringement (Count II) are dismissed.